Filed 6/22/23  Flate v. Nationstar Mortgage CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RONALD A. FLATE et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>Defendant and Respondent. | B316668<br><br>(Los Angeles County<br>Super. Ct. No. BC715466) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen Goorvitch, Judge.  Affirmed.

Rodriguez Law Group and Patricia Rodriguez for Plaintiffs and Appellants.

Troutman Pepper Hamilton Sanders, Justin D. Balser and Katalina Baumann for Defendant and Respondent.

————————————————

Plaintiffs and appellants Ronald A. Flate and Greta Flate (the Flates) appeal from the trial court's grant of summary judgment in favor of defendant and respondent Nationstar Mortgage, LLC (Nationstar). The Flates have forfeited their arguments on appeal by failing to provide an adequate record. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the superior court docket, in July 2018, the Flates filed a complaint in this action. It is not clear from the record who was named as a defendant or defendants. In January 2019, the Flates filed an amended complaint, naming Nationstar and "Mr. Cooper" as defendants. Nationstar filed an answer in June 2019.

In July 2021, Nationstar moved for summary judgment. In September 2021, the Flates filed their opposition to summary judgment and Nationstar filed its reply. That same month, the trial court held a hearing on the motion, which it granted. The trial court entered judgment in favor of Nationstar in October 2021.

The Flates timely appealed.

## DISCUSSION

The Flates argue the trial court erred in dismissing their claims for violation of Civil Code section 2924.11 and breach of contract. According to their opening brief, these claims are related to the Flates' mortgage and their applications for a loan modification. Nationstar contends the Flates have failed to overcome the presumption that the trial court's judgment is correct because they have not provided an adequate record on appeal. Nationstar further argues the Flates have waived their

claims on appeal by failing to properly cite to the record. We agree and affirm the judgment.

It is a fundamental rule of appellate review that an appealed judgment or order is presumed correct, and error must be affirmatively shown. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Jameson*, at p. 609.) To overcome this presumption, the appellant has the burden of providing the appellate court with an adequate record demonstrating error. (*Ibid.*; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson*, at p. 609, fn. omitted.)

In this case, the Flates challenge the trial court's order granting summary judgment. We review such orders de novo, which means we must consider all of the admissible evidence submitted by the parties in the trial court to determine whether the trial court correctly concluded there were no triable issues of material fact. (Code Civ. Proc., § 437c, subd. (c); *Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347.) The Flates have not provided us with their complaint, Nationstar's motion for summary judgment, the Flates' opposition to summary judgment, Nationstar's reply, any evidence submitted by either party in support of or opposition to summary judgment, or the trial court's ruling. The record contains only the superior court's "case register" listing the documents filed below, the trial court's one-page judgment (without its memorandum of decision) and notice of judgment, and the Flates' notice of appeal. The Flates have

3

therefore failed to satisfy their burden of providing this court with a record sufficient to permit meaningful review.  This failure is fatal to their appeal.  (*Jameson*, *supra*, 5 Cal.5th at p. 609 [when a record is inadequate for meaningful review, the appellant defaults and the trial court's decision is affirmed]; Cal. Rules of Court, rule 8.124(b)(1)(B) [an appellant's appendix must contain any document filed in the trial court "necessary for proper consideration of the issues"].)[1]

---

[1] We further note that the Flates' failure to provide a summary of significant facts or argument supported by citations to the record allows us to deem such arguments waived.  (*People ex rel. Strathmann v. Acacia Research Corp.* (2012) 210 Cal.App.4th 487, 502–503; *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1310, fn. 3.)

## DISPOSITION

The judgment is affirmed.  Respondent to recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

ADAMS, J.

We concur:

EDMON, P. J.

LAVIN, J.

5